## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**SCOTT ALLAN JORDAN**,

    Plaintiff,

v.                                                            **Civ. No. 11-00472 JCH/KBM**

**ALBERT LAMA,** *et al.*,

    Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the following motions: (1) Motion to Strike Plaintiff's Declaration of Status [Doc. 11]; State Defendants' First Rule 12(b)(6) Motion to Dismiss [Doc. 17]; State Defendants' Motion to Quash Subpoenas [Doc. 19]; and a Motion for Enlargement of Time to File Responsive Pleading [Doc. 30], filed by several unserved Defendants. The Court has reviewed the submissions of the parties, the record in general, and the applicable law, and finds that the matter should be dismissed as to all Defendants for the reasons stated below.

The Complaint was filed June 3, 2011 against 132 defendants. It seeks several billion dollars in fines, damages, and prejudgment interest. Pro-se Plaintiff Scott Allan Jordan alleges violations of many federal statutes, too numerous to list here. The Court takes judicial notice that the Complaint filed in this case is virtually identical to one filed in another case suing 143 defendants, which the Court struck because the complaint was illegally drafted, signed, and filed by Walter Chek, an individual who is not a licensed attorney. *See Eden v. Lama et al.*, No. 11cv465 KBM/WDS Doc. 8 (D.N.M. June 30, 2011). Mr. Jordan, however, has signed the complaint at bar, so the Court cannot strike his Complaint for the same reasons it struck the complaint in *Eden*. Mr. Jordan and Mr. Chek are on notice, however, that the Court may impose sanctions for any future

ghost-written filings by Mr. Chek.

The Court may dismiss an incomprehensible complaint like the one at bar, notwithstanding the liberal construction provided to pro-se filings, because a pro-se plaintiff is not relieved of the burden of alleging sufficient facts upon which to base a recognized legal claim. *See Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008). "[T]he Supreme Court recently . . . prescribed a new inquiry for us to use in reviewing a dismissal: whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 570). "The [Supreme] Court explained that a plaintiff must 'nudge his claims across the line from conceivable to plausible' in order to survive a motion to dismiss." *Id.* (quoting *Bell Atl. Corp.*, 550 U.S. at 547) (alterations omitted). "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Id.* (italics in original).

Plaintiff brings his action against various state and federal employees and many other private individuals and entities. He alleges violations of the U.S. Constitution, federal statutes, and unidentified tort claims. It appears that Plaintiff did not pay some property taxes, suffered the consequences, and now seeks relief, although this construction of the allegations is far from certain because the complaint is virtually incomprehensible.

Rule 8 of the Federal Rules of Civil Procedure provides that a plaintiff must provide "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." FED.R.CIV.P. 8(a)(2). "The purpose of a modern complaint is to give opposing parties fair notice of the basis of the claim against them so that they may respond to the complaint, and to apprise the court of

sufficient allegations to allow it to conclude, if the allegations are true, that the claimant has a legal right to relief." *Whitehead v. Shafer*, No. 08-6112, 295 Fed. App'x 906, 908 (10th Cir. Oct. 7, 2008) (unpublished) (internal quotation marks omitted).

Where a party "does not explain how any of the listed statutes were allegedly violated, which defendants allegedly violated which statutes, or how any of the defendants allegedly harmed [the party,] a court may, in its discretion, dismiss the complaint pursuant to Rule 8." *Williamson v. Owners Resort & Exchange*, No. 03-4066, 90 Fed. App'x 342, 343 (10th Cir. March 1, 2004) (unpublished); *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (noting that "[t]his requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them. 'Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.' [*Bell Atl. Corp. v. Twombly*, 127 S. Ct.] at 1965 n. 3.") In short: "a district court may dismiss a pro se complaint when, even liberally construed, it 'is incomprehensible.'" *Whitehead*, 295 Fed. App'x at 908 (quoting *Carpenter v. Williams*, 86 F.3d 1015, 1016 (10th Cir. 1996)).

Such is the case here. Even a liberal reading of the complaint cannot apprise either the parties or the Court which claims are against which individual. In many cases there are no facts at all alleged as to what constituted a violation of, say, 18 U.S.C. § 1651, which Mr. Jordan summarily concludes is a violation of the Piracy Act or the False Claims Act. The Court is not required to surmise factual scenarios or craft legal arguments for the Plaintiff. *See Whitehead*, 295 Fed. App'x at 907-08. Accordingly, the Court will dismiss this case.

**IT IS THEREFORE ORDERED** that the State Defendants' motion to dismiss [Doc. 17]

is GRANTED, and that this Complaint is dismissed in its entirety without prejudice; and

      **IT IS FURTHER ORDERED** that the remaining pending motions [Docs. 11, 19, 30, 34, 35] are denied as moot.

                                               _____
                                               UNITED STATES DISTRICT COURT